IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER MARLOWE,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN<br>FRANCISCO, et al.,<br><br>   Defendants. | Case No.  16-cv-00076-MMC<br><br>**ORDER GRANTING MOTION TO<br>DISMISS; AFFORDING PLAINTIFF<br>LEAVE TO AMEND; CONTINUING<br>CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 34 |

   Before the Court is the "Motion to Dismiss Plaintiff's First Amended Complaint,"

filed August 18, 2016, by defendants City and County of San Francisco ("the City"), Joe

Cordes ("Cordes"), Suzy Loftus ("Loftus"), Greg Suhr ("Suhr") and Mikail Ali ("Ali").

Plaintiff Heather Marlowe ("Marlowe") has filed opposition, to which defendants have

replied.  Having read and considered the papers filed in support and in opposition to the

motion, the Court deems the matter appropriate for determination on the parties'

respective written submissions, VACATES the hearing scheduled for September 30,

2016, and rules as follows:

   1.  To the extent the motion seeks dismissal of the First and Third Causes of

Action, by which Marlowe alleges, respectively, defendants deprived her of due process

in violation of 42 U.S.C. § 1983 and defendants violated Article 1, § 7 of the California

Constitution, the motion is hereby GRANTED; Marlowe has conceded those claims are

subject to dismissal.  (See Pl.'s Opp. at 1:27-28.)

   2.  To the extent the motion seeks dismissal of the Second Cause of Action, by

which Marlowe alleges defendants deprived her of equal protection in violation of § 1983,

the motion is hereby GRANTED for the following reasons:

United States District Court
Northern District of California

United States District Court
Northern District of California

a.  Although Marlowe alleges "[d]efendants have treated sexual assault reports from women with less priority than other crimes not involving women reporting sexual assaults" (see First Amended Complaint ("FAC") ¶ 82), Marlowe fails to allege any facts to support such conclusory allegation, or to otherwise support a determination that similarly situated persons were treated more favorably than Marlowe.  See Navarro v. Black, 72 F.3d 712, 715-17 (9th Cir. 1995) (finding equal protection claim cognizable based on theory plaintiffs' decedent had been injured by sheriff's department's policy "not to classify domestic violence 911 calls" as "emergency procedure calls," while classifying other types of 911 calls as emergencies; holding plaintiffs could establish violation of equal protection if they proved "domestic violence/non-domestic violence classification" was not "rational"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions"; further holding "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

b.  Further, as to Cordes, given that Marlowe filed her initial complaint on January 7, 2016, and the claim against Cordes is based on conduct Marlowe alleges occurred in 2010 and was known to her at that time (see FAC ¶¶ 19-27), the claim is barred by the applicable two-year statute of limitations.  See Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (holding § 1983 claim accrues "when the plaintiff knows or has reason to know of the actual injury"; rejecting argument that § 1983 claim does not accrue until plaintiff "know[s] of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the [challenged conduct]"); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (holding California's two-year statute of limitations for personal injury actions applies to § 1983 claims).

c.  Similarly, as to Loftus, Suhr and Ali, given that the claim against them is based on said defendants' having allegedly "creat[ed] and perpetuat[ed] [a] policy of failing to promptly and equitable investigate rape cases including insuring the timely testing of rape kits" (see FAC ¶ 61), and, as to the City, given that the claim against said defendant is

1  based on the alleged existence of a municipal policy of "failing to diligently investigate

2  sexual assault allegations" (see FAC ¶ 56), the claim is barred by the applicable two-year

3  statute of limitations; Marlowe alleges she knew, by October 20, 2012, that her kit had

4  been tested no earlier than that month (see FAC ¶¶ 37-38), i.e., she was aware in

5  October 2012 of the length of the delay she challenges herein as unconstitutional in

6  nature.  See Lukovsky, 535 F.3d at 1051.

### CONCLUSION

8      For the reasons stated above, the motion to dismiss is hereby GRANTED, and the

9  FAC is hereby DISMISSED.  Marlowe is afforded leave to file, no later than October 21,

10  2016, a Second Amended Complaint ("SAC") for purposes of amending her equal

11  protection claim, specifically, to allege facts, if she can do so, to support a claim that

12  defendants deprived her of equal protection, and to allege facts, if she can do so, to

13  support a finding that an exception to the statute of limitations exists.  Marlowe may not,

14  however, add new claims or new defendants without first obtaining leave of court.  See

15  Fed. R. Civ. P. 15(a)(2).

16      In light of the above, the Case Management Conference is hereby CONTINUED

17  from October 28, 2016, to January 20, 2017, at 10:30 a.m.  A Joint Case Management

18  Statement shall be filed no later than January 13, 2017.

19      **IT IS SO ORDERED.**

21  Dated: September 27, 2016

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

3