IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER MARLOWE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 16-cv-00076-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING HEARING**<br><br>Re: Dkt. No. 41 |

Before the Court is the "Motion to Dismiss Plaintiff's Second Amended Complaint," filed November 23, 2016, by defendants City and County of San Francisco ("the City"), Suzy Loftus ("Loftus"), Greg Suhr ("Suhr"), Mikail Ali ("Ali") and Joe Cordes ("Cordes"). Plaintiff Heather Marlowe ("Marlowe") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for January 13, 2017, and rules as follows.

In the SAC, Marlowe alleges that, in 2010, she reported a "sexual assault to the San Francisco Police Department," which agency then "failed to investigate diligently the allegations made by [Marlowe], including failing to test [Marlowe's] rape kit for over two years." (See SAC ¶ 1.) Based thereon, Marlowe alleges defendants deprived her of equal protection in violation of 42 U.S.C. § 1983. (See SAC ¶¶ 1, 55-56.)

Marlow alleged the same equal protection claim in her prior complaint, the First Amended Complaint ("FAC"), which the Court dismissed by order filed September 27, 2016. Specifically, the Court found Marlowe, in the FAC, had "fail[ed] to allege any facts

to . . . support a determination that similarly situated persons were treated more favorably than Marlowe" (see Order, filed September 27, 2016, at 2:1-14), and, additionally, that, as pleaded, the claim was barred by the applicable two-year statute of limitations (see id. at 2:15 - 3:6). The Court afforded Marlowe leave to amend to allege, if she could, facts to cure the two deficiencies identified in said order.

In seeking dismissal of the SAC, defendants argue Marlowe has failed to cure either deficiency. As discussed below, the Court agrees.

First, the SAC includes no facts to support Marlowe's conclusory allegations that defendants treat persons who report sexual assaults less favorably than persons who are similarly situated. As with the FAC, the SAC alleges defendants' investigation of Marlowe's report was inadequate (see, e.g., SAC ¶¶ 20-21 (alleging defendant Cordes "demanded that Marlowe enter the home [where Marlowe believed she had been raped] while he distracted the owner to see if Marlowe could identify that home as the scene of her rape," which plan of action "increased the risk of harm to Marlowe")), and that defendants have inadequately investigated reports of sexual assault made by other persons (see, e.g., SAC ¶ 1 (alleging defendants "failed to investigate the rape kits of thousands of other victims")). Marlowe fails, however, to allege any facts to support a finding that persons who reported other types of crimes were treated more favorably. In the absence of such facts, Marlowe fails to state an equal protection claim. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995) (holding equal protection claim requires showing of "unequal treatment of people in similar circumstances").[1]

---

[1] Marlowe's reliance on Evans v. McKay, 869 F.2d 1341 (9th Cir. 1989), to support her claim against the City is unavailing. Although Evans did hold that, at the pleading stage, a claim for municipal liability can be "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, conduct or practice," see id. at 1349, the Ninth Circuit subsequently has held that the plaintiff must identify in the complaint the "specific nature" of the challenged custom or policy, see AE v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). Moreover, where, as here, a plaintiff fails to adequately allege a constitutional deprivation, the plaintiff necessarily fails to state a cognizable claim against a municipality. See Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1996) (holding plaintiff may not recover against municipality under § 1983 unless his/her "federal rights have been violated").

Second, the SAC includes no facts to support a finding that an exception to the two-year statute of limitations exists.[2] See Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988) (holding "[i]n order to invoke the benefit of [an exception to the statute of limitations], the plaintiff must allege facts that, if believed, would provide a basis for [the exception]"). Marlowe has added allegations that the "SFPD," in February 2014, announced it had "several thousand untested rape kits" (see SAC ¶ 44) and "would only commit to testing 753 of [them]" (see SAC ¶ 66), which statements Marlowe further alleges were contrary to a statement "[C]ity representatives" allegedly made in May 2013 that "there was no backlog of untested rape kits" (see SAC ¶ 41). Said allegations are, contrary to Marlowe's argument, insufficient as a matter of law to support a claim of equitable estoppel, as the asserted false statement -- that, in May 2013, the City had no backlog of untested rape kits -- has no "bearing on the necessity of bringing a timely suit." See Lantzy v. Centex Homes, 31 Cal. 4th 363, 384 n.18 (2003) (holding equitable estoppel exception to statute of limitations must be based on "a misrepresentation bearing on the necessity of bringing a timely suit"). Specifically, any falsity in the May 2013 statement did not pertain to the testing of Marlowe's kit, which she alleges had been tested the previous year. (See SAC ¶ 38.) To the extent the SAC can be understood to allege that Marlowe, having heard the May 2013 statement, relied thereon by not filing a suit challenging any failure by defendants to test other persons' rape kits, any such reliance was, as a matter of law, not reasonable; Marlowe would lack standing to bring such a claim, as she has not alleged she incurred an "injury in fact" when defendants delayed testing, or did not test, those other kits. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (setting forth "elements" of "standing"); Lantzy, 31 Cal. 4th at 385

---

[2] Marlowe filed her initial complaint on January 7, 2016, and, consequently, in the absence of an exception to the statute of limitations, may not proceed on claims that accrued more than two years before said date. See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (holding California's two-year statute of limitations for personal injury actions applies to § 1983 claims). Marlowe's claim against Cordes accrued in 2010 (see Order, filed September 27, 2016, at 2:15-22), and claims against Loftus, Suhr, Ali and the City accrued in October 2012 (see id. at 2:25 - 3:6).

(holding plaintiff, to establish equitable estoppel based on "defendants' conduct," must show decision to "forbear suing" was "reasonable").

Accordingly, Marlowe's equal protection claim, asserted in the SAC as the First Cause of Action, is subject to dismissal without further leave to amend.

Lastly, the Court addresses a state law claim asserted in the SAC, specifically, the Third Cause of Action,[3] which asserts a claim for injunctive relief under Article 1, § 7, of the California Constitution. The Court's jurisdiction over Marlowe's state law claim is supplemental in nature. See 28 U.S.C. § 1367(a). Where, as here, the district court will "dismiss all claims over which it has original jurisdiction," the district court may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In this instance, as the case remains at the pleading stage, and there are no apparent considerations weighing in favor of retaining jurisdiction over the state law claim, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the Third Cause of Action.[4]

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, as follows:

1. The First Cause of Action is hereby DISMISSED, without further leave to amend.

2. The Third Cause of Action is hereby DISMISSED, without prejudice to Marlowe's refiling said claim in state court.

**IT IS SO ORDERED.**

Dated: January 10, 2017

MAXINE M. CHESNEY
United States District Judge

---

[3] The SAC does not have a Second Cause of Action.

[4] In light of such ruling, the Court does not address herein defendants' argument that the Court, in its prior order granting leave to amend, did not authorize the filing of such a claim.

4